UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.   )<br>)<br>TYKEI HALLMAN, )<br>)<br>Defendant. ) | Docket No. 20-CR-10017-LTS |

### GOVERNMENT'S MOTION FOR RECONSIDERATION AND CLARIFICATION

Now comes the United States, by and through the undersigned Assistant United States Attorney, and hereby respectfully requests that this Court reconsider its finding that the government engaged in a studious effort to withhold or hide certain facts from the Magistrate Judge and did so carefully and purposely. The government further requests that the Court clarify that its finding that the government recklessly misled the Magistrate Judge by failing to inform him about certain witness statements regarding the suspect's height and build did not extend to the affiant. As grounds therefor, the government asserts that its requests are in the interests of justice.

### RELEVANT BACKGROUND

Defendant Tykei Hallman is charged by indictment with Hobbs Act robbery and brandishing a firearm during the commission of a crime of violence. [ECF 13]. The defendant moved to suppress evidence derived from a search of his historical and prospective cell-site location information (CSLI) and evidence seized pursuant to a subsequent search of his residence and moved for a *Franks* hearing. [ECF 68, 82]. The government opposed. [ECF 80].

Following a non-evidentiary hearing held on April 15, 2021, this Court denied the defendant's motion to suppress. [ECF 92 at 1-7]. In the same Order, the Court allowed the defendant's request for an evidentiary *Franks* hearing regarding three potentially material omissions from the contested search warrant affidavit, which related to the suspect's height, the

color of the handgun used by the suspect during the reported robberies, and whether the suspect walked with a limp. [*Id.* at 7-13]. The *Franks* hearing, at which the affiant agent testified, was held on June 7, 2021, with argument continued on June 9, 2021. On July 21, 2021, the Court scheduled a further hearing on the motion to suppress, which was ultimately held on August 16, 2021. Following that non-evidentiary hearing, the Court allowed the parties to supplement their previous filings; neither party filed supplemental memoranda. [ECF 111, 112]. The Court subsequently reconsidered and vacated its earlier finding that the search warrant was supported by probable cause [ECF 92] and allowed the motion to suppress in its Second Memorandum and Order (hereinafter, "the Order"). [ECF 116].

In the Order, the Court characterized the agent's testimony at the *Franks* hearing as "candid" but nonetheless found that the government "induced a misinterpretation of the affidavit by misleading the court regarding the meaning of the paragraph linking Hallman to the suspect" (*i.e.*, Paragraph 19), [ECF 116 at 14-16], the government "misled the magistrate judge to think Hallman's gait matched that of the suspect by omitting contrary information," [ECF 116 at 17-23], and the government "misled the magistrate judge to believe the suspect, like Hallman, was distinctively tall by omitting contrary information." [*Id.* at 24-26].

In so ruling, the Court made certain subsidiary findings and observations: 1) the government's omission of the agent's inability to determine the suspect's height from the available evidence was materially misleading and this omission was at least reckless [*Id.* at 16]; 2) in holding back information about the suspect's gait from the Magistrate Judge, the government appeared to act purposefully and carefully, [*id.* at 19], and "the government's conduct before the Court shows a studious effort to withhold from the Magistrate Judge information regarding gait" [*id.* at 21] – which means the material omissions were made "<u>at least</u> recklessly" [*id.* at 23, emphasis in original]; and 3) based on the facts of the case, the government's "wholesale omission of

information provided by witnesses about the suspect's height and build recklessly misled the Magistrate Judge." [*Id.* at 26]. Having found that these omissions were at least reckless, the Court then determined that the reformed affidavit (that is, a reading of the affidavit incorporating the recklessly omitted information) failed to establish probable cause to support the CSLI warrant. [*Id.* at 30]. The Court suppressed all evidence derived from the search of Hallman's CSLI, including the fruits of the residential search conducted pursuant to a warrant obtained using the CSLI. [*Id.* at 32-33].

## DISCUSSION

**1. Request for Reconsideration**

The government respectfully moves this Court to reconsider its assessment of the government's state of mind as it relates to certain of the identified omissions from the November warrant application. *See El Fenix de P.R. v. M/Y JOHANNY*, 36 F.3d 136, 139 n.2 (1st Cir. 1994) ("As a general matter, federal district judges have plenary authority to reconsider orders."). The government understands that a motion for reconsideration is an extraordinary remedy that should be used sparingly, and does not submit the instant motion as a means to reargue theories previously advanced and rejected. *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006). When faced with a motion for reconsideration, district courts "should apply an interests-of-justice test." *United States v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009). In employing such a test, the Court must consider the unique facts of the particular case and revise its original decision if it would be unjust to maintain it. *United States v. Gary Lee Sampson*, No. CR 01-10384-MLW, 2015 WL 13333677, at *3 (D. Mass. Nov. 13, 2015).

To be clear, the government does not seek to upset this Court's ruling that the November affidavit failed to establish probable cause. Rather, the government requests that the Court reconsider its findings that the government engaged in "a studious effort to withhold from the

3

Magistrate Judge information regarding gait," [ECF 116 at 21], and that "in holding back this information from the Magistrate Judge, it appears the government acted purposefully and carefully," [*id.* at 19], and "studiously hid these facts, as well as the existence of the August application, from the Magistrate Judge." [*Id.* at 23]. There was no such effort or intent.

First, the decision to seek the November warrant during the holidays (November 29, 2019, the day after Thanksgiving)[1] was borne out of the circumstances of the ongoing pattern of robberies (including two in the week leading up to the holiday), not the government's desire or intent to subvert the assignment of the warrant to any particular Magistrate Judge. [*See* ECF 68-1 at ¶¶ 7(n) and (o) (two separate armed robberies on November 22, 2019) and ¶ 20(a) (November 25, 2019 subpoena response received)]. As the Court noted, reliance on the duty Magistrate Judge when a previously-assigned Magistrate Judge is unavailable is proper. [ECF 116 at 22]. Second, the government's failure to return to the original Magistrate Judge for subsequent process was one in a series of careless mistakes—which culminated in the AUSA's failure to note the August warrant on the JS45 form—that the Court identified and questioned the AUSA about during a hearing on this matter.[2] For example, the Court pointed out the AUSA's failure to ensure that the August warrant return was properly filed with the court, [*id.* at 27-28], the failure to properly fill out the November warrant applications correctly, [ECF 89 at 27-28], and the AUSA's tendency to speak reflexively during the hearing: "I appreciate that, and I commend you for being willing to accept responsibility for mistakes. But I'll just suggest to you one thing to think about is…when there's a problem, pause before you respond. Because you sometimes seem like, in these two

---

[1] Thanksgiving fell on November 28, 2019. *See* https://www.almanac.com/calendar/date/2019-11-28 (last accessed November 1, 2021).

[2] In fact, the only numbers noted on the JS45 form were the docket numbers for the complaint (19-mj-1452-DLC) and the residential search warrant (19-mj-1453-DLC); the JS45 also omitted the other search warrants issued by Magistrate Judge Cabell. [ECF 4-2].

4

instances I've highlighted, to jump in, instead of just pausing and considering the issue." [ECF 114 at 31]. The Court also discussed these mistakes during the April hearing: "I know you're capable of doing better than that. So I don't think it's as well as you could have done." [ECF 89 at 67].

The government agrees that these missteps are not attributable to "mere oversight by an inexperienced AUSA." [ECF 116 at 22]. As the Court mentioned in passing during the April hearing, the AUSA is well-known to the Court and experienced. [*Id.* at 75]. But the Court's comments to and about the AUSA during the hearings support a reading of the situation that is consistent with the government's understanding of what happened in this case: these missteps were the product of lack of care, not careful design. The suggestion in the Court's Order—that the AUSA devised a scheme to divert review of a warrant and/or complaint from one Magistrate Judge to another—would require a level of foresight and planning that is inconsistent with the Court's own observations as outlined above. [*See* ECF 114 at 24-27]. Accordingly, the government respectfully requests that the Court reconsider its findings that the AUSA acted intentionally, by subverting the Local Rules or otherwise, to hide information regarding the suspect's reported limp from the Magistrate Judge.

The government takes what happened here seriously and is committed to ensuring that the oversights and mistakes that were made are not repeated by the AUSA or other AUSAs in the United States Attorney's Office (USAO), whether veteran or newly-sworn. For example, shortly following the issuance of the Order, Senior Litigation Counsel for the USAO issued a written reminder to all criminal AUSAs regarding Local Magistrate Rule 15(d)(1). The USAO has also scheduled a training for later this month for all criminal AUSAs, regardless of experience level, which will focus on best practices for drafting, editing, and seeking judicial approval of search warrants.

**2.  Request for Clarification**

Furthermore, the government requests that the Court clarify that its finding that the government recklessly misled the Magistrate Judge by failing to inform him about certain witness statements regarding the suspect's height and build refers to the AUSA and not the affiant. [ECF 116 at 26 (emphasis added)].  Specifically, the government now asks that the Court make clear what it appears the Order implied: that the Court is not finding that the affiant agent intentionally omitted material information with reckless disregard for the truth.  The requested relief is sought in light of the explicit recognition by the Court that the affidavit was crafted by the AUSA, not the agent.  For example, in the Order, the Court wrote: "At the April 15, 2021 motion hearing, the government represented that the AUSA (not the Agent) had 'crafted' the affidavit supporting the November application." [ECF 116 at 6 (citing ECF 89 at 8, 18, 20, 67)].  The Court appears to have accepted that representation.  [*See, e.g.*, *id.* at 16 (characterizing government's crafting of the language of Paragraph 19 as "obfuscatory" and noting the "manner in which it wielded this critical language in its argument to this Court")].  Similarly, the line of reasoning in the Order that focuses on the appearance of Magistrate Judge "shopping" can reasonably be attributed only to the AUSA.

Especially in light of the Court's express finding that the agent was candid during his testimony at the *Franks* hearing, [*id.* at 8], clarification of this specific finding would be both reasonable and in the interests of justice.  The Court may clarify its adverse credibility findings in the limited fashion requested here while still holding the government accountable for its missteps.  At the June 9 hearing, the Court explained:

> And all I want to do is try to find out what are the facts and what's the law, and resolve the issues and move forward so that if the Government can get it -- so that the Government has a fair chance to prove its case at trial, and if they win, they win, and if they lose, they lose. And Mr. Hallman is entitled to the presumption of

> innocence, entitled to a fair proceeding, and I want to make sure that all of his rights are respected.

[ECF 114 at 27:10-17].

The Court has done that, by identifying mistakes made by the government and correspondingly having suppressed the government's use of certain evidence seized, which signals to both the defendant and the public that the government has been and will continue to be held accountable. The government is not asking for an outcome that is inconsistent with that goal.

## CONCLUSION

The limited reconsideration requested here is appropriate and in the interests of justice because of the adverse effects the ruling will have on the affiant agent and the AUSA, and given that the government has been sanctioned with suppression (and may be so sanctioned without the highlighted adverse credibility findings that will follow the individual government actors involved in this case beyond the specter of this case).

For the foregoing reasons, the government respectfully requests that this Court reconsider its finding that the government engaged in "a studious effort" to withhold or hide certain facts from the Magistrate Judge and clarify that the agent did not act intentionally or omit witness statements with reckless disregard for the truth.

Respectfully Submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Date: November 4, 2021       By:    /s/ Anne Paruti
                                    Anne Paruti
                                    Chief, Major Crimes Unit
                                    United States Attorney's Office
                                    One Courthouse Way
                                    Boston, MA 02210
                                    617-748-3310

## CERTIFICATE OF SERVICE

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

Date: November 4, 2021                    /s/ Anne Paruti_____
                                          Anne Paruti
                                          Chief, Major Crimes Unit

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Anne Paruti, hereby certify that I have conferred with defense counsel regarding the substance of this motion; counsel does not take a position on this motion but reserves the right to file a response upon a more detailed review of the filing.

Date: November 4, 2021                    /s/ Anne Paruti_____
                                          Anne Paruti
                                          Chief, Major Crimes Unit